Harris, Special J.,
delivered the opinion of the court.
The defendant in error, exhibited his petition before the circuit court of Haywood county, praying for a mandamus to compel Taliaferro, the entry taker, to receive and record hia entry as set forth in his petition; to issue a copy of the same, and to take all other steps necessary to obtaining a grant thereon.
Chester, who defends in the room of Taliaferro, sets up in his answer, that the same land is covered by an entry in the name of Samuel P. Walker for 4,200 acres, made by virtue of part of C. W. T. warrant, No. 3947 for 5,000 acres, issued to the heirs of Stokely Donelson.
Upon the back of which warrant was the folio wing.endorsement: “For value received, I assign this warrant to Samuel P. Walker; this 20th May, 1843. Robert I. Chester, Agent for the owners.” Said Walker’s entry was tendered to the entry taker, and by him received and filed, on the 5th day of June, 1843; but it has never been recorded, and a copy issued preparatory to a survey, &c.
Now, the question is, is this entry of such validity and binding force, as to amount to an appropriation of the land therein contained? We think not. At the time the entry was tendered, to entitle the party to appropriate the public land by .entry, it was indispensible that he .should tender, with his location or entry, a valid warrant, either issued .to himself, or to which,he was entitled by.regular assignment from the .owner. This assignment does not purport to be .by the owners; but was made by Robert I. Chester, who describes himself as agent for the owners, and unquestionably conveys no title.
But it is insisted, that this court, in the ease of Tyus M al. *515 vs. Hays, (manuscript opinion, 1850,) decided “that it was not within the scope of the authority of the entry taker to en-quire, or to determine, whether or not the warrant, upon which the entry of Hays was based, was propei'iy issued, or whether or not Hays had acquired the rightful ownership thereof.” In that case this was all unquestionably true,— there the grant had issued, — the State had parted with the title, and certainly the entry taker could not declare the grant, nor the entry upon which it was founded, void, and thereby subject the land to entry again; nor did the court so declare in that proceeding; holding, doubtless, that if the party had any remedy at all, it was in a court of chancery. Hence, they use the expression, “these enquiries belong to a different forum.” indeed we think, that in no case has the entry taker the right and authority to decide upon the propriety of the issuance of the warrant, or whether or not the rightful ownership, was in the person proposing to make the entry, where these points are called in question; but he must see that there is, what purports to be, and prima facie is, a valid warrant, and a valid assignment thereon.
We think, therefore, that there is no error in the order of his Honor, the circuit judge, awarding a peremptory mandamus, and affirm the judgment.